IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 11, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9811-CR-00393 |
| | ) | |
| | ) | Roane County |
| v. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| | ) | |
| DANNY LYNN PORTER, | ) | (Vehicular homicide due to recklessness and |
| | ) | reckless endangerment) |
| Appellant. | ) | |

For the Appellant:

Walter B. Johnson
Assistant Public Defender
Post Office Box 334
Kingston, TN 37748-0334
(AT TRIAL)

Joe Walker
Public Defender
    and
Alfred Lee Hathcock, Jr.
Assistant Public Defender
Post Office Box 334
Harriman, Tennessee 37748
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

J. Scott McCluen
District Attorney General
        and
Frank Harvey
Assistant District Attorney
Post Office Box 703
Kingston, TN 37763

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Danny Lynn Porter, pled guilty in the Roane County Criminal Court to vehicular homicide due to recklessness, a Class C felony, and to reckless endangerment, a Class E felony, with the sentences to be determined by the trial court. The court sentenced him as a Range I, standard offender to concurrent sentences of three years and one year respectively to be served in the Department of Correction. In this appeal as of right, the defendant contends that he should not have been sentenced to incarceration. We affirm the sentence imposed by the trial court.

The juvenile court transferred the defendant, who was seventeen years old at the time of the offense, to the Roane County Criminal Court to be tried as an adult. At the transfer hearing, Trooper Carlton Haley testified that on September 8, 1996, he was dispatched to the scene of a single vehicle accident. He said that a pickup truck had hit an embankment and overturned on its side, killing one occupant, Aaron Johnston, and injuring three others. He said he found the defendant in a nearby ditch, the defendant smelled of alcohol, and the defendant's speech was slurred and sometimes incoherent. He admitted that he could not tell if the odor of alcohol came from the defendant's breath or his body and that the slurred and incoherent speech could have resulted from injuries sustained in the accident. He testified that the blood alcohol content of the deceased victim was .19 percent.

Christy Crowe testified that on September 8, 1996, the victim drove her, the defendant, and another girl to Rockwood, Tennessee in his truck. She said the defendant had a big bottle of whiskey with him, which he finished in the hour before they left. She said that she took one drink of the whiskey but spat it out because she did not like it. She said she did not know if anyone else drank from the bottle. She stated that Mr. Johnston felt sick, but she did not know if he was drunk. She said Mr.

2

Johnston said that he was able to drive, but the defendant had the keys. She said the defendant drove while Mr. Johnston sat in the passenger's seat, she rode between them, and two others rode in the truck bed.

The record reflects that the defendant had been adjudged delinquent on three prior occasions: for underage consumption on May 7, 1996; for the unauthorized use of a vehicle on May 7, 1996; and for theft of a vehicle on July 2, 1996. Julie Trent testified that she was the defendant's counselor and case manager at Mountain View Youth Development Center. She said that the defendant had been in her unit for six weeks and had received no negative disciplinary reports. She stated that his behavior was exceptional and that he was pursuing his GED. She said that Dr. Pinella of Cherokee Mental Health Systems evaluated the defendant and determined that the defendant had an I.Q. of 82. She said Dr. Pinella recommended that the defendant participate in a twelve-step substance abuse treatment program and receive individual and group counseling to address the loss of his best friend and his feelings of guilt arising from that death. On cross-examination, Ms. Trent testified that the defendant had previously been placed in youth facilities on three occasions and that he was in the community on a weekend pass from one of these facilities when the accident occurred.

The presentence report reveals that the defendant dropped out of high school after completing the tenth grade. He was employed at Miles Hardwood and earned six dollars per hour. His employment history consists of two jobs in the fast food industry and a job as a general laborer, none lasting longer than four months. The report reveals that the defendant is unmarried and has a young daughter for whom he owes child support in the amount of $183.75 per month. The defendant was arrested for assault after his release on bond for the present offense. The report reveals that the then nineteen-year-old defendant said he started drinking alcohol at age fifteen and that he presently drank an occasional beer. He said he used cocaine for a brief period and

3

used marijuana regularly between ages thirteen and eighteen.  He stated that he last used marijuana two months earlier.  The report shows that the father of the deceased victim opposed probation and requested that the defendant be incarcerated for the maximum sentence.

The defendant initially contends that our review of his sentence should be de novo without a presumption of correctness because the trial court failed to make the requisite factual findings.  Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct.  Tenn. Code Ann. § 40-35-401(d).  As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper.  This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

4

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995). In the present case, the state did not seek enhancement, and the defendant filed notice of two mitigating factors pursuant to Tenn. Code Ann. § 40-35-113:

> (6) The defendant, because of youth . . ., lacked substantial judgment in committing the offense; [and]
>
> (11) The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct.

The trial court did not comment on the defendant's mitigating factors but simply imposed the minimum sentence on each count and made the following remark regarding the manner of service:

> And from the totality of the situation, with the involvement of alcohol, and where he had been and where he was at that time, the Court feels that's a sentence that needs to be served.

We believe that this brief comment fails to meet the requirements of Tenn. Code Ann. § 40-35-210(f), requiring us to review the sentence de novo without the presumption of correctness.

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The defendant challenges the manner of service of his sentences. As a Range I, standard offender convicted of Class C and Class E felonies, the defendant correctly asserts that he is presumed to be a favorable candidate for alternative sentencing options. See Tenn. Code Ann. § 40-35-102(6). The presumption in favor of

5

alternative sentencing may be rebutted if (1) "confinement is necessary to protect society by restraining the defendant who has a long history of criminal conduct," (2) "confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or (3) "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(A)-(C); see Ashby, 823 S.W.2d at 169. Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5).

The defendant argues that his age at the time of the offense, the fact that his juvenile record consists solely of nonviolent offenses, and his amenability to rehabilitation as evidenced by his progress at Mountain View Youth Development Center all indicate the appropriateness of an alternative sentence. We believe the fact that the defendant was on a weekend pass from state custody at the time of the accident and the defendant's history of substance abuse reveal a reduced potential for rehabilitation in the community. Ms. Crowe testified that she saw the defendant drink a bottle of whiskey just before the accident. The defendant was seventeen years old and on leave from state custody at the time. The defendant had been adjudged delinquent for underage drinking just four months before the present offenses. The defendant admitted that at age nineteen, he drank an occasional beer and that he used marijuana regularly after the offenses. The defendant made these admissions after the juvenile court transferred his case to the Roane County Criminal Court and he was released on bond. Thus, the defendant's substance abuse continued even after, and in spite of, his reported good progress in the Mountain View Youth Development Center. The fact that the defendant made such progress at Mountain View indicates his need for a structured environment as is provided by the Department of Correction. We affirm the trial court's sentence of incarceration.

6

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John Everett Williams, Judge


_____
Alan E. Glenn, Judge